```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

JOHN J. HANLON, JR.,

       Petitioner,

v.                                Case No:   2:15-cv-704-FtM-29MRM
                                            Case No:   2:14-cr-18-FTM-29MRM
UNITED STATES OF AMERICA,

       Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #70)[1] filed on November 11, 2015.  The government filed a Response in Opposition to Motion (Cv. Doc. #6) on January 8, 2016. The petitioner filed a Reply (Cv. Doc. #10) on March 11, 2016, and a Notice of Filing an Affidavit in Support (Cv. Doc. #12) on March 22, 2016.  On December 2, 2016, the Court held an evidentiary hearing as to one issue raised in the petition.  (Doc. #20.)  The Court heard testimony from petitioner, his mother Lucille Hanlon,

---

[1]The Court will make reference to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

his mother's friends Percy Williams and Dana Lemke, and defense attorney Joseph Viacava.

## I.

On February 19, 2014, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #1) charging defendant with distribution of child pornography and with possession of child pornography. On October 6, 2014, defendant entered a plea of guilty pursuant to a Plea Agreement (Cr. Doc. #33), which was accepted and defendant was adjudicated guilty. (Cr. Doc. #39.) On January 5, 2015, the Court sentenced petitioner to concurrent sentences of 84 months of imprisonment, a sentence significantly below the advisory guideline range of 151 to 188 months, to be followed by concurrent terms of 10 years of supervised release. (Cr. Doc. #48.) Judgment (Cr. Doc. #53) was entered on January 7, 2015. The Court advised defendant of his right to appeal to the extent allowed by the Plea Agreement and his obligation to do so within 14 days of the entry of judgment. (Doc. #48.) Defendant did not file a direct appeal.

Petitioner's § 2255 Petition raises three issues. Petitioner alleges that his trial counsel provided ineffective assistance of counsel by (1) failing to file a Notice of Appeal as he was specifically requested to do; (2) failing to seek a variance or departure at sentencing; and (3) failing to object to certain enhancements by written sentencing memorandum of law or orally at

the sentencing hearing. In light of conflicting affidavits, the Court held an evidentiary hearing as to the first issue.

**II.**

Petitioner pled guilty in this case pursuant to a Plea Agreement which contained a standard waiver-of-appeal provision. (Cr. Doc. #33, pp. 11-12.) This provision was reviewed by defense counsel with petitioner prior to his guilty plea, and was highlighted to petitioner by the magistrate judge at the change of plea colloquy. The Presentence Report found that the appropriate Sentencing Guidelines range was 151 to 188 months imprisonment. At the January 5, 2015, sentencing hearing the Court granted a variance, imposed concurrent sentences of 84 months imprisonment, and allowed petitioner to self-surrender to the designated federal facility. (Cr. Doc. #48.)

Despite the significant downward variance, petitioner and his parents were very upset with the length of the sentence. Petitioner testified at the evidentiary hearing that as the Court was explaining his appeal rights petitioner whispered to defense counsel that he wanted to appeal. Petitioner further testified that his attorney told him to listen to what the judge was saying.

After the sentencing proceeding, defense counsel, petitioner, petitioner's parents, and two of their friends had discussions in the hallway outside the courtroom. Petitioner, his mother, and the two friends testified at the evidentiary hearing that

petitioner and/or his mother stated that they wanted to appeal the sentence because it was too long. Defense counsel recalled discussions in the hallway, but not any specific instruction to appeal. It was agreed there would be a further meeting at Mr. Viacava's office to discuss various post-sentencing matters.

All witnesses agreed that a meeting was held on January 9, 2015 in Mr. Viacava's office to discuss a number of matters. In attendance were petitioner, Mr. Viacava, petitioner's mother, and petitioner's father (now deceased). Mr. Viacava testified that he believed there was also a meeting between himself and his client alone, at which the same matters were discussed. The participants of the January 9 meeting agree that they discussed several matters, including an appeal. Mr. Viacava advised that he did not think there were any meritorious issues, and cautioned that in light of the sentence being below the Sentencing Guidelines range there was a possibility that a successful appeal could result in a worse sentence. Petitioner and his mother testified that despite these cautions, Mr. Viacava was told they wanted to appeal. Mr. Viacava denies any such direction was given.

At the conclusion of their discussions about an appeal on January 9, Mr. Viacava was under the impression that petitioner and his parents would think about it and contact him if they wanted to appeal. Petitioner and his mother were under the impression that Mr. Viacava was adamant that he would not file an appeal.

Both sides agree that neither petitioner nor his parents contacted Mr. Viacava about an appeal after the meeting. Mr. Viacava construed this silence as petitioner's decision not to appeal. Petitioner and his mother testified they simply did not know what to do next about the appeal they wanted to take.

### III.

The United States Supreme Court has set forth certain guidelines regarding counsel's obligation to file a notice of appeal on behalf of a criminal defendant:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, **and making a reasonable effort to discover the defendant's wishes**. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. See *supra*, at [476] and this page. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000) (emphasis added).

It is clear to the Court that Mr. Viacava had discussions with petitioner on January 9, 2015, about petitioner's right to

appeal. It is also clear to the Court that Mr. Viacava understood that he was required to file a Notice of Appeal if requested by his client, even if Mr. Viacava believed there were no meritorious issues and despite an appeal waiver provision in the Plea Agreement. The Court need not resolve the primary contradiction in the testimony, i.e., Mr. Viacava's testimony that he was never instructed to file an appeal, compared with petitioner's and the other witnesses' testimony that such an explicit instruction was given. Assuming that Mr. Viacava's recollection is accurate, the Court concludes that ineffective assistance was provided with regard to the failure to file a notice of appeal.

The evidence is undisputed that there was at least one substantive discussion between defense counsel and his client regarding a potential appeal of the sentence. The evidence establishes that petitioner and his mother reasonably demonstrated, at the least, an interest in pursuing an appeal. At this consultation Mr. Viacava complied with his obligation to advise his client "about the advantages and disadvantages of taking an appeal." Flores-Ortega, 528 U.S. at 478. An additional component of a constitutionally sufficient consultation, however, is that counsel "mak[e] a reasonable effort to discover the defendant's wishes." Id. The testimony establishes that there was at least one fairly extensive discussion about an appeal which was, in defense counsel's mind, left unresolved. While it was

certainly proper to give petitioner time to think about it before making a decision, it was counsel's obligation to follow up on the decision in order to comply with his duty to "mak[e] a reasonable effort to discover the defendant's wishes." Id.  What counsel did in this case was to place the burden on petitioner to re-contact counsel with a decision.  Counsel interpreted the resulting silence as the affirmative decision not to appeal.  Petitioner was not a court-savvy client who had been through the federal system before, and petitioner's mother had been rather actively involved with defense counsel throughout the proceedings.  The record reflects "that no reasonable effort was made to discover [petitioner's] informed wishes regarding an appeal." Thompson v. United States, 504 F.3d 1203, 1207 (11th Cir. 2007).  Under the facts and circumstances of this case, the Court concludes that counsel was obligated to contact petitioner and obtain his decision on an appeal, and could not simply assume silence was a decision not to have an appeal filed.  Additionally, the Court is satisfied that if counsel had contacted petitioner within the time to file a Notice of Appeal, petitioner would have instructed counsel to file an appeal, which could have been timely filed.

Petitioner is entitled to a belated appeal because of ineffective assistance of counsel in failing to file a timely notice of appeal.  Therefore, the procedure described in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000) will be

applied to this case.  Pursuant to McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) the Court will dismiss without prejudice the remainder of the claims in petitioner's current § 2255 motion.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #70) is **GRANTED IN PART AND DISMISSED IN PART.**  The Clerk shall enter a judgment in the civil case granting in part and dismissing without prejudice in part the Petition.

2. The Judgment (Cr. Doc. #66) in the Criminal Case, No. 2:14-cr-18-FtM-29MRM, is **vacated.**

3. Defendant John J. Hanlon, Jr. is **re-sentenced** to the same sentence as originally imposed in the Judgment in the Criminal Case (Cr. Doc. #66), and the Clerk of the Court shall enter a new Judgment in the Criminal Case imposing the same terms as originally imposed.

4. Defendant John J. Hanlon, Jr. is advised that he has a right to appeal from the conviction and sentence in the Judgment in the Criminal Case to be entered pursuant to this Opinion and Order, and that to do so he must file a Notice of Appeal within **fourteen (14) days** of the

    entry of the Judgment in the Criminal Case. Fed. R. App. P. 4(b)(1)(A)(i).

5. The remaining issues in the § 2255 motion are dismissed without prejudice.

6. The Clerk shall file a copy of this Opinion and Order and the civil judgment in the criminal case, and close the civil case file.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Petitioner
Counsel of record
U.S. Marshal
DCCD